**In re Dominic and Lois CAPPUCCETTI.**

**Bankruptcy No. 94–40044S**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 9, 1994.

---

38

Richard Ramsay, Trustee, Little Rock, AR.

Raymond Mulera, Tax Div., U.S. Dept. of Justice, Washington, DC, for IRS.

Keith L. Grayson, Little Rock, AR, for debtor.

### ORDER OF DISMISSAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion to Dismiss, filed on April 11, 1994, by the United States of America. The United States seeks dismissal of this case for cause, pursuant to Bankruptcy Code section 707(a). Hearing on the motion was held on August 11, 1994.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

■ The United States seeks dismissal of this case, pursuant to 11 U.S.C. § 707(a), asserting that the petition was not filed in good faith because the debtors have the ability to pay their debts, filed the petition in response to the United States efforts to collect federal income taxes, and the case essentially involves a single creditor. The debtors assert that the United States motion is, in actuality, a motion under section 707(b), rather than section 707(a) for which the United States has no standing to request dismissal.

■ Section 707 of the Bankruptcy Code provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under Chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days of such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

(b) After notice and a hearing, the court, on its own motion, or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds

that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707. The "cause" factors listed under section 707(a) are non-exclusive as indicated by the language "including" in the statute. *In re Zick,* 931 F.2d 1124 (6th Cir. 1991); *In re Hammonds,* 139 B.R. 535 (Bankr.D.Colo.1992).

■ Although neither concept is defined in the Bankruptcy Code, and the terms are vague, the "for cause" standard under subsection (a) is distinct from the "substantial abuse" standard set forth in subsection (b). For example, in analyzing "substantial abuse" under section 707(b), whether the debtor has an ability to pay his debts is the primary factor warranting dismissal. *See generally U.S. Trustee v. Harris,* 960 F.2d 74 (8th Cir.1992); *Fonder v. United States,* 974 F.2d 996 (8th Cir.1992). In contrast, under section 707(a), an ability to repay debts is not, alone, cause for dismissal.[1] *In re Jones,* 114 B.R. 917, 925 (Bankr.N.D.Ohio 1990). The debtors' assertion that ability to repay, alone, is insufficient grounds for dismissal under section 707(a) is thus correct. However, the Court believes that, upon application of the facts of this case to the applicable standard under section 707(a), cause has been established.

■ Lack of good faith in filing the Chapter 7 petition constitutes cause under section 707(a). *Zick,* 931 F.2d at 1126–27; *In re Barnes,* 158 B.R. 105 (Bankr. W.D.Tenn.1993). There are numerous factors which the courts utilize to determine whether a Chapter 7 case was filed in bad faith, including:

the debtor reduced his creditors to a single creditor in the months prior to filing the petition

the debtor made no life-style adjustments or continued living an expansive or lavish life-style

the debtor filed the case in response to a judgment, pending litigation, or collection action; there is an intent to avoid a large, single debt

the debtor made no effort to repay his debts

the unfairness of the use of Chapter 7

the debtor has sufficient resources to pay his debts

the debtor is paying debts of insiders

the schedules inflate expenses to disguise financial well-being

the debtor transferred assets

the debtor is overutilizing the protections of the Code to the unconscionable detriment of creditors

the debtor employed a deliberate and persistent pattern of evading a single major creditor

the debtor failed to make candid and full disclosure

the debtor's debts are modest in relation to his assets and income

there are multiple bankruptcy filings or other procedural "gymnastics"

*See generally Zick,* 931 F.2d 1124; *Barnes,* 158 B.R. 105; *Hammonds,* 139 B.R. 535. This Court believes that, upon a review of these factors, the documentary and testimonial evidence presented, and, importantly, upon observation of the debtor husband's demeanor, that the Chapter 7 petition was not filed in good faith such that cause exists for dismissal.

This is essentially a one creditor case. The petition lists three creditors with the following amounts: the Internal Revenue Service ("IRS"), $85,310.86; the State of Arkansas, $5,320.26; and Bale Finance Company (for a 1992 Chevy Lumina), $9,000. Thus, pursuant to the schedules, the debt to the IRS comprised eighty-five percent of the total debt; income taxes, state and federal comprised ninety percent of the total debt. However, these figures are inaccurate because the debtors paid the majority of the tax debt owed to the State of Arkansas. The State of Arkansas filed a proof of claim for less than $150. Thus, the debt to the IRS alone constitutes ninety percent of the total

---

1. However, an ability to repay is one of several circumstances which may be considered in determining lack of good faith under section 707(a). *Jones,* 114 B.R. 917, 925 (Bankr.N.D.Ohio 1990).

debt. Although there are three debts listed in the schedules, there are only two kinds of debts owed: tax debts and a car loan. It is noteworthy that the debtors not only sought to pay, and did pay, their tax debt to the State of Arkansas, but also reaffirmed the debt on their 1992 vehicle. Thus, not only is the IRS the debtors' major creditor, the only debt they seek to discharge is the tax liability owed to the IRS.

The Chapter 7 petition was filed in response to collection activities by the IRS. Although no assets had yet been seized, the IRS sought financial information from the debtors, and, based upon the information given by debtors together with more accurate information obtained from financial sources, the IRS proposed a monthly payment amount. Rather than negotiating with the IRS on the monthly amount, the debtors filed the instant Chapter 7 case. The fact that the debtors would not even negotiate a monthly payment amount, combined with the fact that collection activities by the debtors' single majority creditor were on-going is a factor indicating a lack of good faith.

At the time of the filing of the petition, the debtors enjoyed a fairly luxurious life-style, and they had made no attempt in the months prior to the filing to reduce their expenses. At the time of the filing of the bankruptcy case the debtors lived in a condominium adjacent to the Maumelle golf course, generally the most expensive and sought-after housing in the area. The debtors paid $1,000 per month in rent, a very large amount for this geographic area. The only reason that they do not now live in their rented golf-course condominium is the fact that the owner sold it to another party; moving was not a voluntary reduction in their life-style, but imposed by the landlord who sold the property.

The debtors were, and continue to be, members of the Maumelle country club inasmuch as the debtor husband simply cannot do without his golf membership. It appears that he also cannot do without his two time-share properties located in South Carolina. The only reduction in life-style the debtors made was to eat at home more often, rather than dining at the country club several times each week.

The debtors made a transfer of a valuable piece of real estate to their daughter for which no consideration was given. Eight months prior to the bankruptcy, at the time the IRS was obtaining information regarding payment of the tax debts, the debtors transferred a lot on the Maumelle golf course to their daughter. This transfer was only belatedly listed on the schedules. Although the debtors indicate that their daughter would probably return the property if so requested, it does not appear that anyone, including the Chapter 7 trustee, has taken any action with regard to the real estate.

The debtors, in addition to paying non-IRS debts, pay debts of family members, including, ironically, their daughter's tax debts. The evidence demonstrates that nearly $1,000 in the months prior to, and during, bankruptcy was paid to their daughter. Although the debtors assert that these are "loans," they are not listed on the schedules. There are loans in the amount of $845 to another, unnamed, person, and payment of someone's tuition to the University of Arkansas. These loans are also not listed on the schedules, nor are such persons listed as owing debts to the debtors. The debtor husband also indicated that he makes his daughter's car payment each month. Although he claims that she reimburses him each month for the payment, there is no documentary evidence that she in fact makes such a reimbursement. Indeed, there are no deposits matching the amount of her car payment in the bank statements submitted as evidence.

There are numerous inaccuracies, including inflated expenses, inaccurate statements of income and minute valuations on assets on the debtors' schedules. For example, the IRS introduced evidence that the debtor husband in fact averaged in excess of $5,000 in income per month over a particular period. Although the debtor asserts that, since his business is seasonal the income varies greatly, he introduced no evidence that his income was in fact less during other months. The Court does not believe that a business which can pay $5,000 per month to the debtor has a value of a mere $100. It is also noteworthy that some of the information contained in the

financial information statement debtors submitted to the IRS a few months prior to the bankruptcy does not correlate to the financial information contained in the schedules. No explanation was offered for these discrepancies, including the inclusion of self-employment taxes in the financial statements.

The Court also believes that the debtors have the ability to pay their debts. Indeed, the debtors have paid or reaffirmed their debts with the sole exception of the IRS. It would appear that in addition to the funds that exist from the income reported on their schedules, the debtors have additional resources which they have manipulated to exclude from the reach of creditors. Specifically, the debtor is the sole owner and employee of his corporation. That corporation has paid his personal taxes, was the source of the real estate transferred to his daughter, and currently is not withholding taxes from his salary. The debtor husband freely admits that he pays himself from the corporation as he needs. Thus, it would appear that there are additional resources at their disposal which have been excluded from the calculation of their assets and income.

In light of the foregoing facts, and upon close observation of the demeanor of the debtor husband, the Court believes that this case was not filed in good faith. Accordingly, cause exists under section 707(a) for dismissal.

**ORDERED** that the Motion to Dismiss, filed on April 11, 1994, by the United States of America, is GRANTED. This case is DISMISSED.

**IT IS SO ORDERED.**