**In re RIPLEY & HILL, P.A., Debtor.**

**Bankruptcy No. 93–4042–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 23, 1994.

Aaron R. Cohen, Jacksonville, FL, for debtor.

Tracey K. Arthur, Jacksonville, FL, for movant William D. Kenner, M.D.

Charles W. Grant, Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a motion to dismiss filed by William D. Kenner, M.D. ("Kenner"). The Court held a hearing on April 18, 1994, and upon the evidence presented enters these findings of fact and conclusions of law:

### Findings of Fact

Debtor is a professional law association which was formed in February, 1989, by two professional associations, Joseph R. Ripley, Jr., P.A. and Leo B. Hill, P.A. to handle personal injury cases. Each of the individual professional associations is a fifty percent shareholder of debtor. The two principals continue to maintain their separate professional associations.

Debtor, prior to its chapter 7 filing, did not have employees, an office, or telephone number separate from the shareholders' individual professional associations. The employees of the individual associations did the work of the debtor and debtor was run from the location of one or the other of the individual associations.

Kenner holds one of two debts listed on debtor's schedules. The other debt is owed to the principal of Leo B. Hill, P.A. in the amount of $400.00. Kenner is the other creditor with a claim in the amount of $29,073.72. This debt arose from Kenner's employment by debtor as an expert witness.

Between April 15, 1991, and June 26, 1992, debtor received in excess of $296,990.00 in attorneys' fees. These funds were subsequently disbursed to Leo B. Hill, individually. Debtor's other shareholder, Joseph Ripley received $260,355.32 individually from the same personal injury case which was not paid through debtor. Other attorney fees were paid by debtor to the shareholders' professional associations or to the shareholders individually.

Kenner sued in state court to collect compensation due on the contract between Kenner and debtor to act as an expert witness. The Circuit Court for the Fourth Judicial Circuit, in and for Clay County, Florida, granted Kenner's motion for summary judgment as to liability against debtor. After determining liability, the Court scheduled a mediation conference and trial to determine the amount of compensation due Kenner on the contract with debtor.

Debtor filed its chapter 7 petition on September 3, 1993. Leo B. Hill, principal of debtor, testified that the reason for filing was to avoid any further expense in defending the state court action. Kenner argues that the filing was an attempt to avoid paying him, that debtor was not properly funded, was not an ongoing business and its case should not be allowed to continue.

### Conclusions of Law

■ Kenner argues that this case should be dismissed for cause pursuant to 11 U.S.C. § 707(a) because the petition was filed in bad faith. Section 707(a) states in relevant part:

(a) The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by debtor that is prejudicial to creditors; [or]

(2) nonpayment of any fees [or] and charges required under chapter 123 of title 28 [28 USC §§ 1911 et seq.]; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The factors enumerated in § 707(a) are illustrative and not exhaustive of reasons which constitute cause sufficient to dismiss a chapter 7 case. *In re Zick,* 931 F.2d 1124 (6th Cir.1991); *In re Atlas Supply Corp.,* 857 F.2d 1061 (5th Cir.1988); *In re Hammonds,* 139 B.R. 535 (Bankr.D.Colo.1992).

■ Filing a petition in bad faith constitutes sufficient reason to dismiss a case. *In re Markizer,* 66 B.R. 1014 (Bankr.S.D.Fla. 1986) (chapter 7); *In re Campbell,* 124 B.R. 462 (Bankr.W.D.Pa.1991) (chapter 7); *In re ABQ–MCB Joint Venture,* 153 B.R. 338 (Bankr.D.N.M.1993) (involuntary 7); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984) (chapter 11); *In re Waldron,* 785 F.2d 936 (11th Cir.1986) (chapter 13). Good faith requires, at a minimum, that the debtor have honest intentions. *In re Waldron,* 785 F.2d 936; *In re Sar–Manco, Inc.,* 70 B.R. 132; *In re Hammonds,* 139 B.R. 535; *In re Campbell,* 124 B.R. 462.

■ In deciding whether to dismiss a case because of bad faith, courts are guided by equitable principles and should balance the benefit and harm to creditors and the debtor. *In re Atlas Supply Corp.,* 857 F.2d 1061 (5th Cir.1988). In chapter 7 cases courts also seek to protect the debtor's fresh start and to facilitate the fair and orderly distribution of assets. *In re Campbell,* 124 B.R. 462; *In re Grieshop,* 63 B.R. 657 (Bankr.N.D.Ind.1986). Each case must, of course, rise or fall on its own facts and an assessment of the totality of the circumstances.

■ Debtor argues that the principles relied on by Kenner from individual chapter 7 and reorganization cases do not apply in the case of a corporate chapter 7 debtor. No case cited by the parties or that the Court is aware of addresses the specific issue in this case, that is, whether bad faith constitutes cause to dismiss a corporate chapter 7 case. Thus the issue the Court must address is how the policies enunciated in these cases apply in the context of a corporate chapter 7 case.

■ The most important factor in determining whether a chapter 11 case should be dismissed as a bad faith filing is the likelihood of reorganizing the debtor. *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir. 1984); *In re Sar–Manco, Inc.,* 70 B.R. 132. Because debtor is not attempting to reorganize the factors used in chapter 11 are not relevant in this case.

■ In chapter 13 cases, the Court assesses numerous factors to determine whether a debtor is acting in good faith and is not abusing the "provisions, purpose or spirit of the chapter in the proposal" *In re Kitchens,* 702 F.2d 885, 888 (11th Cir.1983). Because debtor is a corporation, without piercing the corporate veil, the motives and intentions of debtor's principals cannot be attributed to debtor by the Court. Thus the bases used in the reorganization chapters to determine whether a case is filed in good faith do not apply in this case.

Nor do the policies of protecting the fresh start and insuring the orderly and fair distribution of assets used in chapter 7 cases apply in this case. Debtor, a corporation, cannot receive a discharge in chapter 7 thus the fresh start policy is irrelevant. In addition, debtor is a no asset corporation. Thus there are no assets to distribute, so concern with the fair and orderly distribution of assets is also irrelevant.

Had this case come before the court upon a motion to abstain or for relief from stay to pursue the pending state court action it would have been an easy case because this is a two party dispute which is partially adjudicated and more properly belongs in the state court. Debtor is essentially a corporate shell without assets through which some attorney's fees were funneled prior to paying the shareholders' individual attorneys which has a dispute with its one creditor. In such a

case the Court has previously held that it should refrain from exercising its jurisdiction. *In re Heritage Wood 'N Lakes Estates, Inc.,* 73 B.R. 511 (Bankr.M.D.Fla.1987).

In this case, balancing the benefit and harm to the creditor and debtor, the court is convinced that no benefit is derived by continuing this case. Debtor cannot receive a discharge. Thus when the automatic stay terminates the parties will be in the same situation they are today, that is, with a partially adjudicated two party dispute. On the other side of the balance, harm in the form of delay in liquidating Kenner's claim and wasted judicial resources from another court entering this dispute will result. Thus, balancing the harm militates toward dismissing this case. In addition, the Court is convinced that the continuation of this case is not consistent with the policies and legislative intent contained in the code. Consequently, the Court will grant the motion to dismiss.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.