**In re Allan Joseph TANGUAY and Carol Ann Tanguay, Debtors.**

**Bankruptcy No. 96–6376–BKC–3F7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 19, 1997.

Charles Baer, Special Assistant, United States Attorney, Jacksonville, FL, for Movant.

Robert W. Lee, Smith & Hiatt, P.A., Fort Lauderdale, FL, for Bank United of Texas, FSB.

Allan Joseph and Carol Ann Tanguay, Edgewater, FL, Debtors.

Valerie Hall Manuel, Jacksonville, FL, Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on a Motion to Dismiss with Prejudice filed by the United States of America, Internal Revenue Service ("IRS") (Doc. 8) and a Memorandum in Support of Dismissal. (Doc. 25). The Debtors filed a response. (Doc. 18). On January 8, 1997, a hearing was held on the Motion to Dismiss. Based upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

This Case concerns two United States citizens and their battle with the Internal Revenue Service, which is being waged in the bankruptcy courts in this district. This Case is the Debtors' fourth bankruptcy filing within a period of fifteen months. The three former cases were brought under Chapter 13. Now, the Debtors have filed a Chapter 7 Case, with the IRS again joining them in their adventures before this Court. What follows is a brief history of the parties and their conflict.

Based upon tax returns filed by the Debtors, the Debtors currently have tax liabilities for the years 1990–1992. (Debtors' Ex. 3 and 4). The IRS provided the Debtors with several options as to voluntary means of settling their tax problems, such as installment agreements and partial payment agreements. (Transcript of 1/8/97 Hearing on Motion to Dismiss [hereinafter Tr.], Testimony of Revenue Officer Gear at 7,1.1–13). However, Debtors did not take advantage of these voluntary means of payment. *Id.* In July of 1995, the Internal Revenue Service levied on Mrs. Tanguay's wages and seized two automobiles. (Tr., Testimony of Revenue Officer Gear, at 7–8). On July 10, 1995, Debtors filed Case No. 95–3250–BKC–3P3, a Chapter 13 case, thereby imposing an automatic stay and causing the IRS to release the automobiles. (*Id.;* Movant's Ex. 1). On September 20, 1995, the Debtors moved to dismiss the case, stating, "[c]ontingent events have substantially changed circumstances of the debtors and it is in the best interest of the debtors to dismiss this bankruptcy petition." (Movant's Ex. 3). The court dismissed the case on September 21, 1995. (Movant's Ex. 4).

Upon notification of the dismissal of the bankruptcy case, the IRS issued another levy on November 13, 1995 and began the procedure for a seizure of the Debtors' residence. (Tr., at · 8, 1.14–16; Debtors' Ex. 4). On February 8, 1996, the day before the scheduled sale of the residence, Debtors filed Case No. 96–697–BKC–3F3, a Chapter 13 case, which caused the sale to be canceled. (Tr. at 9; Movant's Ex. 5). On February 23, 1996, the Debtors moved to dismiss the case, utilizing the same language as was used in the dismissal of their previous case. (Movant's Ex. 6). The court dismissed the case on February 27, 1996. (Movant's Ex. 7). On March 5, 1996, Debtor, Allan Tanguay, filed Case No. 96–1219–BKC–3F3 (Movant's Ex. 8), which was subsequently dismissed by the court for Debtors' failure to pay the required filing fee. (Movant's Ex. 9).

In August of 1996, the IRS levied upon Mrs. Tanguay's wages. (Debtors' Ex. 4). Debtors filed this present Chapter 7 case on October 15, 1996. (Movant's Ex. 10). In addition to the tax liabilities for the tax years 1990–1992, Debtors have not filed their federal income tax returns for the years 1993 to present. (Movant's Ex. 11 and 12). In Debtors' Case No. 95–3250–BKC–3P3, the bankruptcy court entered an order requiring Debtors to file their delinquent federal tax returns. (Movant's Ex. 2).

In addition to the Motion to Dismiss, the IRS has filed a Motion for Relief from Stay, which was granted on December 3, 1996.

(Doc. 21). The Bank United of Texas FSB has joined the IRS in its Motion to Dismiss. (Doc. 28). The Chapter 7 Trustee filed a report of no distribution on December 13, 1996. (Doc. 23). On February 28, 1997, the Court entered the Debtors' discharge. (Doc. 45).

## CONCLUSIONS OF LAW

■ Pursuant to 11 U.S.C. § 707, a court may dismiss a case filed by an individual for cause. Section 707 states:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a) (1996). The examples of "cause" in 11 U.S.C. § 707(a) are "merely illustrative and are not an exhaustive listing." *In re Hammonds,* 139 B.R. 535, 541 (Bankr. D.Colo.1992) (citing H.R. No. 95–595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978); U.S.Code Cong. & Admin.News 1978 pp. 5787, 5880, 6336). One such example of cause is a debtor's lack of good faith in filing the bankruptcy case. *Turner v. United States (In re Turner),* 195 B.R. 476, 493 (Bankr.N.D.Ala.1996). The determination of whether a debtor lacked good faith is a fact-sensitive inquiry, and the Court is "guided by equitable principles and should balance the benefit and harm to creditors and the debtor." *Id.* at 494 (quoting *In re Ripley & Hill, P.A.,* 176 B.R. 596 (Bankr.M.D.Fla.1994)).

In support of its Motion to Dismiss, the IRS alleges that the Debtors' Case should be dismissed for cause, based upon the Debtors' lack of good faith which is allegedly evidenced by the Debtors' various acts. (Doc. 25, United States Pre–Hearing Memorandum in Support of Dismissal). First, the IRS alleges that the Debtors owe federal taxes for every year beginning with 1990 and have refused to file their federal income tax returns beginning with the year 1993, even as ordered by this Court. (Doc. 25). The IRS argues that the Debtors' failure to file their 1993–1995 tax returns obstructs the administration of the Chapter 7 Case, causing the IRS to estimate its claim for the tax years 1993–1995. (Doc. 25). Furthermore, the IRS alleges that the Debtors engaged in a pattern of fraudulently switching property back and forth as an attempt to thwart efforts by the IRS to seize property. (Doc. 38, United States Proposed Findings of Fact and Conclusions of Law). As the IRS argues that the Debtors "switch" property back and forth, the IRS, itself, "switches" and confuses the Chapter under which it believes this Case is brought and in spite of itself cannot determine if this Case is a Chapter 7 or 13 proceeding.[1]

On the other side of the conflict are the Debtors who argue that "[t]he critical contention at issue in this case regards the prosecution's assertion that the Defendant was required to file income tax returns pursuant to the Internal Revenue Code ..." and that this "prosecution" should fail "due to severe and profound omissions occurring on the part of those claiming the statutory authority to administer and enforce the Internal Revenue Code...." (Doc. 36, Petitioner's Brief in Support of Motion to Deny Governments Motion to Dismiss at 22). However, that is not the issue that this Court must decide, and the Court tried to clarify that in the hearing on the Motion to Dismiss. (Tr. at 45, 1. 2–12). The only issue that is to be decided by this Court is whether the Debtors' Case should be dismissed for cause,

---

**1.** All documents filed by the IRS are incorrectly styled, referring to this Case as Case No. 96–6376–BKC–3F3, which would indicate a Chapter 13 case, as opposed to the correct Case Number, which is 96–6376–BKC–3F7. Furthermore, in the Motion to Dismiss (Doc. 8) the IRS sought relief under 11 U.S.C. § 1307, which is inapplicable in a Chapter 7 case. Despite these inconsistencies, the Court has tested this Case and these Debtors for good faith filing.

or in other words, did the Debtors file in good faith? The issues that the Debtors put forth as to whether the I.R.S. fails to comply with 5 U.S.C. § 552, the requirement for publication of agency organization, the necessity of publishing substantive rules, the necessity to publish instructions, and the necessity to publish forms and the variety of other objections to the requirement to pay federal income taxes put forth by the Debtors are not before this Court.

Aside from the foregoing, the Court has addressed the merits of dismissing this Case under 11 U.S.C. § 707(a). At the outset, the Court does not find that the Debtors' Case should be dismissed pursuant to § 707(a), finding that the Debtors did not cause an unreasonable delay which was prejudicial to the creditors, nor that the Debtors failed to pay a filing fee, nor that they failed to list information required by § 521. Therefore, the Court will examine the Debtors' good faith in filing this Chapter 7 Case.

■ First, the Court notes that the Debtors filed this bankruptcy under Chapter 7, which has different rules for voluntary dismissal than do the previous cases that they filed under Chapter 13. A dismissal of a Chapter 7 case may only occur after notice and a hearing and only for cause. 11 U.S.C. § 707(a). Therefore, "[w]hile the debtor may choose to place himself in bankruptcy by voluntarily filing a petition ..., he does not have the same degree of discretion in deciding whether he will terminate the proceeding once they are started." *In re Blackmon,* 3 B.R. 167, 169 (Bankr.S.D.Ohio 1980). The Debtors no longer have an absolute right to dismiss this Case, as they did in the previous three Chapter 13 cases. As the IRS has painted the scenario of the Debtors filing merely in order to impose the automatic stay and dismiss once they are out of harm's way, that benefit is no longer at the Debtors' disposal.

Furthermore, the Court is of the opinion that the IRS finally has the Debtors where they want them. If it is true, as the IRS alleges, that the Debtors merely seek to avoid the payment of the taxes, it will now be impossible for the Debtors to do so. In *In re Kilker,* 155 B.R. 201 (Bankr.W.D.Ark.1993),

the bankruptcy court dealt with a debtor's ability to convert from a Chapter 7 to a Chapter 13. The *Kilker* court denied the debtor's motion to convert finding that the only reason for the conversion was to avoid the payment of taxes. *Id.* at 203. The court found that the tax debt was secured as the United States had "properly and timely recorded a Notice of Federal Tax Lien" and therefore, once the discharge and the trustee filed the report of no distribution was entered, no automatic stay existed to prevent the IRS from seizing the debtor's property to satisfy its secured indebtedness. *Id.*

Just as in the *Kilker* case, this Case involves a perfected tax lien by the IRS for the 1990–1992 tax liabilities. (Debtors' Ex. 3 and 4). The Notice of Federal Tax Liens represents the perfected security interest. (Debtors' Ex. 3 and 4). The Debtors were granted a discharge on February 27, 1997. (Doc. 45). The Trustee entered a report of no distribution on December 13, 1996. (Doc. 23). Therefore, just like the situation described in *In re Kilker,* the automatic stay is no longer in place, and the IRS has the right to execute on the lien. Furthermore, the Court granted the IRS's Motion for Relief from Stay on December 3, 1996. (Doc. 21).

■ Pertaining to the tax returns for the years 1993 to present that have not been filed by the Debtors, the Court finds that the issue of whether or not the Debtors owe these taxes or the issue of dischargeability of these taxes is not before this Court at this time. The Debtors' failure to comply with the bankruptcy court's order in a previously dismissed case is not dispositive for a determination of their good faith in this Chapter 7 Case.

Therefore, guided by equitable principles, the Court finds that denying the Motion to Dismiss is fair and equitable to all parties involved. The Debtors receive what they came to the Court to achieve, full participation in the bankruptcy process, and the IRS, the Creditor, still receives payment and is not prejudiced by the Debtors remaining in the bankruptcy court. Just as the IRS claims that it seeks prospective relief and not retrospective relief (Doc. 38), the Court is of

the opinion that the good faith determination should look to the intentions of the Debtors and not base a good faith determination solely on a debtor's past actions; in other words, the Court finds that the good faith determination is prospective rather than retrospective. The Court simply does not have any evidence before it that the Debtors lacked good faith in the filing of this Chapter 7 Case, and although past actions may be indicative of future behavior, it is by no means dispositive, and at this stage in the Case, the Court is unconvinced that the Debtors lack good faith. However, this Court cautions the Debtors that if for any reason this Case is dismissed, including procedural defects, the Court will dismiss the Case with prejudice barring the Debtors from filing again for a period of years in any bankruptcy court in the United States.