**In re Danny PADILLA, Debtor.**

**Danny PADILLA, Appellant,**

**v.**

**U.S. TRUSTEE; Helen Frazer, Trustee; Appellee.**

**BAP No. CC–96–1890–HMaV.**

**Bankruptcy No. 96–22472.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 18, 1997.

Decided Oct. 24, 1997.

J. Elliot McIntosh, Downey, CA, for Danny Padilla.

Sue K. Yap, Office of the U.S. Trustee, Los Angeles, CA, for U.S. Trustee.

Before HAGAN, MacDONALD [1], and VOLINN, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Danny Padilla ("Debtor") appeals orders of the bankruptcy court dismissing his case pursuant to 11 U.S.C. § 707(a) and revoking a discharge that was never granted or entered. The United States Trustee ("UST") appears as Appellee. We conclude the facts do not warrant a section 707(a) dismissal and REVERSE AND REMAND.

## FACTS

On March 13, 1996, American Express obtained a judgment against the Debtor in a state court for breach of contract and on an account stated in the amount of ·$50,434.32. On April 19, 1996, the Debtor filed for relief under chapter 7, title 11, United States Code.[2] After the section 341(a) hearing the UST filed a motion to dismiss the Debtor's case pursuant to section 707(a), and to revoke his discharge. A hearing was held on the motion on August 15, 1996, and the bankruptcy court orally granted the motion to dismiss. A written order of dismissal was entered on September 11, 1996, and a second

---

1. Honorable Donald MacDonald IV, Chief Bankruptcy Judge for the District of Alaska, sitting by designation.

2. Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed. R.Civ. P.").

order was entered on September 19, 1996, that also vacated the Debtor's discharge. No order of discharge, however, had ever been entered.

## ISSUES ON APPEAL

1. Did the court err in dismissing the Debtor's case under section 707(a) for lack of good faith.

2. Did the court err in revoking the Debtor's discharge.

## STANDARD OF REVIEW

 Dismissal under section 707(a) is subject to the court's sound discretion. *Eastman v. Eastman (In re Eastman)*, 188 B.R. 621, 624 (9th Cir. BAP 1995). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. *Leach v. United States Internal Revenue Service (In re Leach)*, 130 B.R. 855, 856 (9th Cir. BAP 1991); *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *In re American Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

## DISCUSSION

The Debtor alleges the court erred in dismissing the case because (a) there was insufficient evidence in the record to dismiss, (b) the UST's motion sought dismissal only for unreasonable delay, when there was no unreasonable delay, and (c) the UST sought dismissal for an improper purpose, circumventing the procedures of sections 523 and 727; and none of the creditors had filed nondischargeability complaints against the debtor.

### I. Dismissal under section 707(a)

The bankruptcy court's order of dismissal was based on the Debtor's lack of good faith in filing his chapter 7 petition. Section 707(a) provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors.

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion of the United States Trustee.

11 U.S.C. § 707(a).

 The examples of cause in section 707(a) are "merely illustrative and are not an exhaustive listing." *In re Tanguay*, 206 B.R. 575, 577 (Bankr.M.D.Fla.1997) (quoting *In re Hammonds*, 139 B.R. 535, 541 (Bankr. D.Colo.1992) (citing H.R. No. 95–595, 95th Cong., 1st Sess. 380 (1977); S.Rep No. 95–989, 95th Cong., 2d Sess. 94 (1978); U.S.Code Cong. & Admin.News 1978 pp. 5787, 5880, 6336)). Lack of good faith in filing has developed as a cause for dismissal.

By seeking discharge, however, respondent placed the rectitude of his prior dealings squarely in issue, for, as the Court has noted, the Act limits that opportunity to the "honest but unfortunate debtor."

*Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 2208, 60 L.Ed.2d 767 (1979) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *In the Matter of Quarter Moon Livestock Company Inc.*, 116 B.R. 775, 781 (Bankr.D.Idaho 1990); 4 Collier on Bankruptcy, # 707.03, 707–709 (15th ed.1989). While the requirement of good faith in filing is not codified by the Bankruptcy Code, case law has developed an intense fact-based inquiry in determining good faith.[3]

---

**3.** *See Industrial Insurance Services v. Zick (In re Zick)*, 931 F.2d 1124, 1128 (6th Cir.1991), where factors for determining good faith include:

(1) the debtor's manipulations which reduced the creditors in this case to one; (2) debtor's failure to make significant lifestyle adjustments or efforts to repay; (3) the fact that the petition was filed clearly in response to IIS's [creditor]

obtaining a mediation award; (4) the unfairness of the debtor's use of Chapter 7 under the facts of this case.

*Id.* See also *In re Cappuccetti*, 172 B.R. 37, 39 (Bankr.E.D.Ark.1994), which outlined additional criteria, including whether:

(1) the debtor has sufficient resources to pay his debts, (2) the debtor is paying debts of

Several bankruptcy courts applying these "good faith" criteria have challenged the idea of any good faith requirement in a chapter 7 case. Following a critical analysis of this jurisdictional requirement, the bankruptcy court in *In re Khan,* 172 B.R. 613, 622 (Bankr.D.Minn.1994), found that although a good faith requirement is not found anywhere in the Code, "one must concede that, on motion of a creditor, a court may inquire into a debtor's motivation for filing as a test of whether to allow the debtor to go forward in bankruptcy. This is so, if for no reason other than that any federal court has an 'inherent' (if too-often ill-defined) power to regulate its own docket to ensure that its process is not being abused." *Id.; see e.g. Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–44, 111 S.Ct. 2123, 2132–2133, 115 L.Ed.2d 27 (1991).

> The real question should be whether the debtor is in bankruptcy with an intent to receive the sort of relief that Congress made available to petitioners under the chapter in question—subject, of course, to any statutory limitations on the extent of that relief—and is willing to responsibly carry out the duties Congress imposes on debtors as the cost of receiving such relief.

*In re Khan,* 172 B.R. at 625 (citations omitted). The bankruptcy court went on to state that a "pervasive and orchestrated effort on the part of the debtor to obtain the benefits of a bankruptcy filing while at the same time intentionally and fraudulently taking action to avoid any of the detriments" would indicate a lack of good faith filing.[4] *Id.* The court also found a lack of good faith filing would involve "manifested dishonesty toward a legal tribunal," including a bankruptcy court, and that even if these factors had been met, the "Bankruptcy Court should abdicate its jurisdiction over the debtor and estate only if, in fact, there is no form of relief available to creditors through bankruptcy." *Id.* at 625–626.

■ Here the record indicates the Debtor performed a credit card "bust-out[5]," in the ten month period prior to his filing. In his statement of financial affairs the Debtor admitted that he gambled away approximately $50,000 to $80,000 between December 1994, and September 1995. The schedules further show the Debtor sold various items of property purchased with credit cards, including diamond rings, a Rolex watch, stereo, and two VCRs to friends, family members and tenants to finance gambling. In addition, the Debtor's income was approximately $25,000. In the motion to dismiss for bad faith, the UST alleged that since the Debtor's income exceeds expenses by only $120.00, the Debtor incurred credit card debt of $99,982.70 with no intention of repaying.

The bankruptcy court found there was a single large unsecured creditor, transfers to insiders, and the selling of personal property to raise cash for gambling. The court then concluded these facts indicated bad faith.

■ The bankruptcy court did not find the Debtor abused the intent of the bankruptcy process in filing. The Debtor did not lie or mislead the court. This was his first filing, and he disclosed all assets. The Debtor filed his petition for relief in response to a civil

---

insiders, (3) the schedules inflate expenses to disguise financial well-being, (4) the debtor transferred assets, (5) the debtor is overutilizing the protections of the Code to the unconscionable detriment of creditors, (6) the debtor employed a deliberate and persistent pattern of evading a single major creditor, (7) the debtor failed to make candid and full disclosure, (8) the debtor's debts are modest in relation to his assets and income, (9) there are multiple bankruptcy filings or other procedural "gymnastics."

*In re Cappuccetti,* 172 B.R. at 39; *In re Zick,* 931 F.2d at 1128; *In re Barnes,* 158 B.R. 105 (Bankr. W.D.Tenn.1993); *In re Hammonds,* 139 B.R. 535 (Bankr.D.Colo.1992).

4. The court cited the following examples of debtor's circumventing the proper purpose of bankruptcy:

> Such an effort might involve an intention to file solely to interpose the automatic stay of 11 U.S.C. § 362(a) against pending litigation or foreclosure, without a concomitant acceptance of the statutory duties of financial disclosure, cooperation with the trustee, and surrender of non-exempt assets. It might also be prompted by a vindictive motivation to use bankruptcy solely as "a scorched earth" tactic against a pressing creditor or opponent in litigation.

*In re Khan,* 172 B.R. at 625.

5. "Bust-out" in this instance refers to a practice where consumer debt is incurred in anticipation of filing a petition for relief.

judgment. There is no indication that the Debtor is unwilling to incur the negative consequences that occur from his filing. The individual creditors in this case, or the chapter 7 trustee, have the opportunity to seek relief for particular concerns under sections 522, 523,[6] or 727 in the Debtor's bankruptcy. These concerns can be remedied without the dismissal of the case. Section 707(a) should not be used as a substitute for these provisions.

While each challenge to a filing made under § 707(a) must be examined on a case by case basis, we conclude, in this case, that the finding of lack of good faith by the bankruptcy court does not comport with the purpose of the statute. The Debtor should be allowed the opportunity to attempt to obtain a discharge. Other provisions of the code provide procedures whereby the elements of the bankruptcy court's finding of lack of good faith can be tested through contested or adversarial proceedings. This construction of § 707(a) allows the garnering, liquidation, and distribution of nonexempt assets to go forward, even if the debtor is not entitled to the full array of relief he or she had expected. *In re Khan,* 172 B.R. at 624. The single largest creditor, American Express, had the option of filing a complaint for nondischargeability or denial of discharge and did not do so.

Given the facts presented in this case, the bankruptcy court erred in concluding the Debtor's filing constituted bad faith requiring dismissal under section 707(a).

### II. UST's motion to dismiss

The Debtor's allegation that the UST sought dismissal only for unreasonable delay, and is acting on behalf of creditors who did not file nondischargeability complaints is not supported by the record. While the UST's motion to dismiss clearly mentions bad faith as a cause for dismissal under section 707(a), that section allows the UST to seek dismissal for lack of good faith and is charged with the duty to prevent abuses in filing of petitions for relief under the Code.

### III. Revocation of discharge

The bankruptcy court's order revoking the Debtor's discharge was issued before any discharge had been entered, and was, therefore, premature. The order revoking discharge is vacated, and the case is remanded for further proceedings consistent with this Opinion.

### CONCLUSION

The order dismissing the case is REVERSED, the order revoking discharge is VACATED, and the case is REMANDED for reinstatement.

---

**6.** Section 523 provides for exceptions to discharge which include credit incurred by fraud, or false pretenses; use of a false statement concerning the debtor's financial condition on which the extender of credit reasonably relied; consumer debts owed to a single creditor over $1,000 for luxury goods and services incurred within 60 days of filing. These are typical consumer credit card defenses to dischargeability.