WELLFORD, Senior Circuit Judge.
 

 This suit is based on a principal creditor’s motion to dismiss a Chapter 11 bankruptcy petition under 11 U.S.C. § 707(a). David Zick, a former employee of Industrial Insurance Services (IIS), signed a nonsolicitation agreement with IIS which provided that he would not take IIS’ trade secrets or solicit customers of the company for himself upon termination or separation. The following year, Zick left IIS voluntarily, started his own company in competition, and solicited its former customers. A court-induced mediation award of $600,000 was rendered to IIS on its claim of deliber
 
 *1126
 
 ate breach of contract and consequent damages. A few days later, Zick petitioned for Chapter 7 bankruptcy relief seeking dis-chargeability principally on the IIS debt. IIS objected to the dischargeability of its debts under Zick’s Chapter 7 petition and moved to dismiss Zick’s Chapter 7 petition alleging that it was brought in bad faith based upon data in the Chapter 7 filing itself. The bankruptcy court granted the motion and the district court affirmed.
 
 [1]
 
 This appeal from denial of dischargeability of the IIS debt ensued. Zick also moved for a stay pending appeal in bankruptcy court. The motion for stay was denied by the bankruptcy court on the basis that Zick was unlikely to succeed on the merits and that there had been sufficient opportunity to present evidence to the bankruptcy judge.
 
 [2]
 

 Zick then requested a stay from the district court which also denied the request. The district court entered a memorandum opinion and order affirming the decision of the bankruptcy court to dismiss Zick’s Chapter 7 petition, from which this appeal was taken.
 

 A bankruptcy court decision to dismiss pursuant to 11 U.S.C. § 707(a) will be reversed only for abuse of discretion.
 
 In re Atlas Supply Corp.,
 
 857 F.2d 1061, 1063 (5th Cir.1988) (“Since equitable principles may be applied under the present Bankruptcy Code, the decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge.”).
 

 11 U.S.C. § 707(a) provides as follows: (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
 

 (1) unreasonable delay by the debtor that is prejudicial to creditors;
 

 (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
 

 (3) failure of the debtor in a voluntary case to file ... the information required by paragraph (1) of section 521....
 

 (emphasis added). IIS argues that this statute allows the bankruptcy court to consider “good faith” as a basis for dismissal of a Chapter 7 petition, and that it was not an abuse of discretion for the bankruptcy court to conclude that good faith was lacking in this petition for Chapter 7 relief.
 

 We are satisfied that the word “including” is not meant to be a limiting word.
 
 See
 
 11 U.S.C. § 102(3);
 
 In Re Jones, Debt- or,
 
 114 B.R. 917, 924 (Bankr.N.D.Ohio 1990). A lack of good faith, furthermore, has been recognized in a number of bankruptcy cases as a valid cause of dismissal
 

 
 *1127
 
 under § 707(a).
 
 See, e.g., In re Sky Group Int’l, Inc.,
 
 108 B.R. 86 (Bankr.W.D.Pa.1989) (a showing of bad faith can result in dismissal under 11 U.S.C. § 707(a));
 
 In re Maide,
 
 103 B.R. 696 (Bankr.W.D.Pa.1989);
 
 In re Brown,
 
 88 B.R. 280 (Bankr.D.Hawaii 1988) (good faith is an implicit jurisdictional requirement and requires inquiry into any abuse of the provisions, the purpose of the spirit of the bankruptcy law and into whether the debtor requires the liberal protection of the Code);
 
 In re Bingham,
 
 68 B.R. 933 (Bankr.M.D.Pa.1987) (where debt- or’s good faith is put into question, the debtor bears the burden of proving that the filing was made in good faith);
 
 In re Kragness,
 
 63 B.R. 459, 465 (Bankr.D.Or.1986) (“That concept [good faith] is not open to serious debate.”);
 
 In re Khan,
 
 35 B.R. 718 (W.D.Ky.) (Chapter 7 does not in express words require good faith, but good faith is an implicit jurisdictional requirement),
 
 remanded for clarification,
 
 751 F.2d 162 (6th Cir.1984).
 
 [3]
 

 Zick seeks to distinguish these cases and, in addition, relies upon
 
 In re Latimer,
 
 82 B.R. 354 (Bankr.E.D.Pa.1988).
 
 Latimer
 
 concluded that “ ‘cause’ does not include a consideration of whether the debtor has ‘substantially abused’ the provisions of Chapter 7 or has proceeded in ‘bad faith.’ ”
 
 Id.
 
 at 356.
 
 [4]
 

 Latimer
 
 was rejected by the district court and the bankruptcy court, and it is the principal case that Zick cites for the proposition that bad faith is not grounds for dismissal. We are persuaded that there is good authority for the principle that lack of good faith is a valid basis of decision in a “for cause” dismissal by a bankruptcy court.
 

 Zick also cites
 
 In re Markizer,
 
 66 B.R. 1014 (Bankr.S.D.Fla. 1986), to support his contention that good faith is not a valid basis for § 707(a) dismissals. Upon examination, we find that
 
 Markizer
 
 does not hold that the lack of good faith may not be grounds for dismissal under § 707(a). It merely notes that Chapter 7 of the Bankruptcy Code does not
 
 explicitly
 
 make good faith a requirement for voluntary liquidation petitions.
 
 Markizer
 
 noted, moreover, that good faith has evolved as a threshold requirement in all bankruptcy cases, although primarily under Chapters 11 and 13, and went on to consider good faith in the context of Chapter 7 cases.
 

 Having been persuaded that lack of good faith is a basis for dismissal under § 707(a), we must examine Zick’s claim that the bankruptcy court, nevertheless, abused its discretion under the circumstances of this case.
 
 [5]
 
 “The facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases.”
 
 Bingham,
 
 68 B.R. at 935 (citing
 
 In re Zahniser,
 
 58 B.R. 530 (D.Colo.1986));
 
 In re Brown,
 
 88 B.R. at 284. We find particular merit in what is described as the “smell test” in
 
 Morgan Fiduciary, Ltd. v. Citizens and Southern Int’l Bank,
 
 95 B.R.
 
 *1128
 
 232, 234 (S.D.Fla.1988). The factors relied on by the bankruptcy court are essential in appellate review, and should be set out in the bankruptcy court’s decision.
 
 See, e.g., In re Khan,
 
 751 F.2d 162 (6th Cir.1984) (case remanded to determine whether the bankruptcy court relied on former proceedings under Chapter 11 in its Chapter 7 dismissal). In this case, the court based its decision on (1) the debtor’s manipulations which reduced the creditors in this case to one; (2) the debtor’s failure to make significant lifestyle adjustments or efforts to repay; (3) the fact that the petition was filed clearly in response to IIS’ obtaining a mediation award; and (4) the unfairness of the debtor’s use of Chapter 7 under the facts in this case. We believe that the factors noted by the bankruptcy court may be sufficient to support its findings of bad faith.
 
 See In re Brown,
 
 88 B.R. at 283-84 (single creditor, debtor capable of earning substantial income, ability to repay through adjustment of lifestyle, and intent to abuse Bankruptcy Code combined to move court to dismiss Chapter 7 claim);
 
 see also Kahn,
 
 35 B.R. 718,
 
 remanded,
 
 751 F.2d 162 (6th Cir.1984). Reliance on the factors indicated as cause for dismissal may be an appropriate exercise of discretion.
 

 Zick’s own statements submitted to the bankruptcy court indicated a continuing monthly income of at least $7,000 plus certain pension plan benefits. (His gross business income was approximately $361,000 annually).
 
 [6]
 
 His non-debtor spouse had additional income. Exclusive of real property and household goods, Zick listed other personal property of approximately $90,000.
 
 [7]
 

 We believe the following language from
 
 In re Krohn,
 
 886 F.2d 123 (6th Cir.1989),
 
 affg
 
 87 B.R. 926 (Bankr.N.D.Ohio 1988), while dealing with § 707(b) of the Code, is instructive also as to § 707(a):
 

 Those courts which have reviewed the legislative history, have generally concluded that, in seeking to curb “substantial abuse,” Congress meant to deny Chapter 7 relief to the dishonest or non-needy debtor.
 

 The goals of bankruptcy are to provide an honest debtor with a fresh start and to provide for an equitable distribution to creditors. The debtor herein, although he has minimal assets, appears to be seeking a “head start” with no attempt to deal with creditors on an equitable basis.
 

 886 F.2d at 126, 127-28.
 

 A bankruptcy court’s findings of fact may be set aside on appeal only if they are clearly erroneous.
 
 In re Rosinski,
 
 759 F.2d 539, 541 (6th Cir.1985);
 
 Archer v. Macomb County Bank,
 
 853 F.2d 497, 499 (6th Cir.1988). Zick alleges error since the bankruptcy court did not conduct a full-blown evidentiary hearing on the dismissal motion. Section 707(a) states that a “court may dismiss a case under this chapter only after notice and a hearing....” but it does not prescribe a particular type of hearing.
 

 Zick argues that he “was not given the opportunity to present his defense to the motion to dismiss brought by Industrial.” IIS counters that the factual findings of the bankruptcy court were supported by admissions and uncontested allegations on the record (as discerned by the district court). Zick replies that he had no opportunity to present further evidence as he
 
 *1129
 
 would have in an evidentiary hearing. The district court stated that “[t]he Bankruptcy Court ... specifically found that although no live testimony was offered at the dismissal hearing, neither party was precluded from presenting such testimony. Nothing in the record suggests otherwise.” IIS filed a motion not to have its judgment lien discharged, and simultaneously moved to have its judgment declared non-disehargea-ble debt. While the focus of the two motions is somewhat different, Zick did not make it clear that he intended to present evidence in opposition. The bankruptcy court questioned Zick’s counsel as to why Zick had made no effort to repay his debt to IIS giving Zick an explicit opportunity to address this issue; he declined the opportunity to respond through further evidence. It cannot fairly be said that Zick did not have notice or an opportunity to present evidence.
 

 Zick’s contention is not so much that the court erred in its factual findings but that the court did not give him an adequate opportunity to present the facts of his case. Yet, he did have the opportunity to present pleadings or an affidavit in opposition and to respond to the court through his counsel.
 

 We hold, under these circumstances, that the formalities of a full-blown evidentiary hearing are not required. Zick was afforded adequate opportunity to tell the court why his petition should not be dismissed. Based on the facts and matters presented to the court, a dismissal was granted within the court’s sound discretion. We cannot say that a failure to have an evidentiary hearing, although normally indicated, was prejudicial error under these circumstances.
 

 Dismissal based on lack of good faith must be undertaken on an
 
 ad hoc
 
 basis.
 
 In re Brown,
 
 88 B.R. at 284. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence. It was not abuse of discretion to conclude that the factors found in this case amounted to a lack of good faith on the part of Zick.
 

 We believe that it was permissible on the record to attribute bad faith motivation to pre-petition activities of defendant Zick in a malicious breach of a noncompetition agreement situation. The reaffirming and arrangement of obligations owed by Zick were also evidently designed to provide payment and/or security to each, except for IIS. He listed as unsecured debts $14,-000 to his mother, $33,000 to his wife, and $100,000 for legal fees
 
 [8]
 
 without specifying the exact basis of obligation to any of these listed creditors. There were also transfers or assignments of contracts between Zick’s corporation to himself shortly before the judgment in favor of IIS rendered against him.
 

 A recent bankruptcy case within this circuit discussed the requirement of good faith at some length in respect to §§ 707(a) and 707(b) of the Bankruptcy Code, citing many authorities. We agree with its conclusions that “[Although the jurisdictional requirement of good faith is not explicitly stated in the statute, it is inherent in the purposes of bankruptcy relief.”
 
 In Re Jones,
 
 114 B.R. at 917 (citing
 
 Local Loan v. Hunt,
 
 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), among many other cases).
 

 The Bankruptcy Code is intended to serve those persons who, despite their best efforts, find themselves' hopelessly adrift in a sea of debt. Bankruptcy protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors. Good faith and candor are necessary prerequisites to obtaining a fresh start. The bankruptcy laws are grounded on the fresh start concept.
 
 *1130
 
 There is no right, however, to a head start.
 

 Id.
 
 at 926.
 

 Accordingly, we AFFIRM the decision of the district court.
 

 [1]
 

 . The basis for the bankruptcy court's holding was set forth as follows:
 

 [T]his case is dismissed for the following reasons.
 

 Congress intended to give an honest debtor filing in good faith a fresh start.
 

 And in this case, it is conceded that the Debtor's manipulations have reduced this to a one creditor case. It appears to be for the sole purpose of avoiding payment to your client, Industrial.
 

 It also appears that the Debtor has made no marginal, much less significant adjustments in his lifestyle, to make any fleeting or meaningful effort to repay the obligation.
 

 The case was filed nine days after the Debt- or entered into a Consent Judgment in the Oakland County Circuit Court. That is uncontested on this record.
 

 It is uncontested on this record and, indeed, it is admitted that the entry of that Judgment precipitated the filing.
 

 It is uncontested on this record and, indeed, it is admitted that this has been structured as a one creditor case.
 

 Everyone who is a Bankruptcy Judge disagrees about this because there is no cook book analysis that you can give. It really comes down to a sense of what is fair and just.
 

 And in this case, it is unfair and unjust for this Debtor to have filed this case in bad faith.
 

 [2]
 

 . The bankruptcy judge stated:
 

 I do not see a probability, I do not see even a likelihood of success on the merits....
 

 [T]he
 
 Latimer
 
 case that is relied upon was specifically rejected as governing authority by this Court in the original argument of the case and is no more persuasive today than it was last month.
 

 I think the record shows that although there was no live testimony taken, no one was precluded from presenting it.
 

 The record also shows that the Court had asked certain specific questions of both counsel to extract from each counsel those admissions of fact that are now in this record that form the basis of the ruling at the last hearing. Those things have not changed.
 

 [3]
 

 .See also
 
 4
 
 Collier on Bankruptcy,
 
 ¶ 707.03 (15th ed. 1989) (discussing § 707 of the Bankruptcy Code):
 

 The examples are merely illustrative and the court may dismiss the case on other grounds when cause is found to exist. [B]oth the House and Senate Reports state[, however,] that: "The section does not contemplate ... that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal_”
 

 Also,
 
 a case may be dismissed if it was not filed in good faith....
 
 That the debtor is merely taking advantage of its legal rights is not, by itself, sufficient to support a finding of bad faith.... [W]hen a debtor capable of at least partial repayment has made every effort to avoid payment of an obligation, [however,] lack of good faith sufficient to justify dismissal may be found.
 
 Id.
 
 at 707-6 through 10 (citations omitted) (emphasis added).
 

 [4]
 

 . "The substantial abuse” language comes from § 707(b) which allows the court considering a Chapter 7 liquidation of consumer debts to raise the issue of substantial abuse sua sponte. 11 U.S.C. § 707(b);
 
 but c.f. In Re Keniston,
 
 85 B.R. 202 (Bankr.D.N.H. 1988) (bad faith under § 707(b) not necessarily different from general ability to dismiss for "bad faith” under the Bankruptcy Code).
 

 [5]
 

 . In his appellate brief, Zick did not question that "the majority of cases allows a dismissal of Chapter 7 cases 'for cause,’ ... [w]ith the exception of
 
 In re Latimer, ...
 
 all of the Chapter 7 cases seem to accept ‘bad faith’ as a basis for dismissal of a case.”
 

 [6]
 

 . Zick's counsel at a hearing on a stay apparently admitted that his proprietorship income had increased to $40,000 per month.
 

 [7]
 

 . Zick listed no value in a partnership interest and in the corporation he formed to carry on Group Associates, Inc., which was in competition with IIS. He stated on 12/19/88 that he had withdrawn from his business "as sole proprietor since February 1, 1988," $85,875. He also listed almost $17,000 in “individual retirement accounts" plus $18,600 in a pension plan. (In his original voluntary petition filed in September 1988, Zick claimed monthly expenses of $9,620, including $4,000 in taxes, $400 a month on a condominium payment, and $500 on “open account debts" of his spouse). He also listed "salaries" of $9,100 per month paid by his wholly owned company, but did not otherwise indicate whether a part of this was his own salary. He listed the value of household furnishings in his home "in the affluent community of Bloomfield Hills” as only $2,000. Zick opposed in bankruptcy court revealing his “post-petition earnings” as having "absolutely no bearing on this bankruptcy case” despite the lack of clarity and specification in this schedule.
 

 [8]
 

 . One wonders as to the basis of the $100,000 unpaid fee claim of Zick’s attorneys in light of the attorneys’ mortgage security in Zick’s condominium.