David E. Middleton, Asst. U.S. Atty., Lexington, Ky., for Farmers Home Admin.

**In re Bruce O'Neal JOHNSON, Doris Miller Johnson, Debtors.**

**Bankruptcy No. 90–60894.**

United States Bankruptcy Court, E.D. Kentucky, Corbin Division.

Dec. 31, 1991.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court upon the Motion to Dismiss herein filed by Farmers Home Administration (FmHA) pursuant to 11 U.S.C. § 707(a) on March 20, 1991. An evidentiary hearing was held on the matter and briefs have been filed by the parties.

The Debtors herein are employed in the Lincoln County, Kentucky school system and at the time of their prior Chapter 11 proceeding, had a gross income from their employment of approximately $54,000.00 annually, and upon hearing the present Motion to Dismiss in this Chapter 7 proceeding, have a gross annual income from their employment of approximately $79,000.00. The Debtors have, during both proceedings, had some other income from farming operations. Mr. Johnson is the County School Superintendent of Lincoln County, Kentucky.

The Debtors in this proceeding had filed an earlier Chapter 11 proceeding in this Court, being proceeding No. 85–344 filed in 1985. In that proceeding, the Debtors listed, among other assets, a 125 acre tract of real estate upon which the residence of the

Debtors and other improvements were located. That tract was subject to liens to the Federal Land Bank of Louisville and FmHA with Federal Land Bank having a first mortgage against the tract in the approximate amount of $133,000.00 and FmHA having a second mortgage against the tract in excess of $500,000.00. The Court determined the value of the 125 acre tract to be $140,000.00 pursuant to an Order of October 2, 1985 entered in the Chapter 11 proceeding. A second 38 acre tract was valued at $42,000.00. That same Order determined that the properties were not necessary to the rehabilitation of the Debtors and lifted the stay with respect to the properties. On February 2, 1987, Debtors moved to sell the 125 acre tract outside the ordinary course of business for the sum found to be the value of the property by the earlier Order of the Court. The accompanying motion requested a Court Order approving the sale. Appended to the Motion was an Offer to Purchase signed by William D. Wilson who, unbeknownst to FmHA at the time, is a first cousin of the Debtor, Bruce Johnson, herein. The sale of the 125 acre tract was approved by Order of the Court dated March 24, 1987 and the transaction closed on or about June 9, 1987. Although a plan was filed in the Chapter 11 proceeding, the Debtors were unable to confirm a plan and the proceeding was dismissed by Order entered June 20, 1988 to be effective July 6, 1988, with the intervening days to allow a conversion to a Chapter 7 proceeding if the Debtors so desired. The Debtors did not elect to convert to a Chapter 7 proceeding so the Chapter 11 proceeding stood dismissed as of July 6, 1988.

The buyer of the 140 acre tract obtained financing at the Peoples Bank of Hustonville ("Peoples Bank") and the Closing Statement discloses $133,060.75 disbursed to Southeast Federal Land Bank and $6,939.25 disbursed to FmHA. The proof reveals that People's Bank also loaned to Wilson the additional amounts necessary to the closing and the testimony established that Wilson had no out-of-pocket expense in connection with acquiring the property. Subsequent to his acquisition of the proper-ty, the Debtors remained in possession of the property under a verbal lease with Wilson wherein Debtors paid to Wilson, or upon his note at the Peoples Bank, the exact amount of the monthly amortization of his mortgage loan for the purchase of the property. The Debtors also pay insurance on the improvements and taxes upon the property. The net result, obviously, to Wilson is that he has no expense associated with the property under the terms of the lease with the Debtors. Both Debtors and Wilson have testified that there is no written or unwritten understanding as regards reconveying the property to Debtors at any point. When Wilson was questioned about his motive for buying the property, he indicated that it held tax advantages for him, although he had not consulted an accountant prior to the purchase, that the price appeared to be fair and indicated a desire to help his relative. The testimony also established that People's Bank was aware that Wilson would rent the property to the Debtors prior to loaning the purchase money to Wilson. The loan was amortized over 15 years with interest at 10% per annum.

Subsequent to the dismissal of the first proceeding on November 26, 1990, FmHA filed suit against Debtors and on December 21, 1990, the present proceeding under Chapter 7 was filed. This proceeding lists eight secured indebtednesses including FmHA in the amount of $549,120.72 (while listing zero as the value of the security held by FmHA) and two unsecured creditors totalling $2,600.00. The file reveals that reaffirmation agreements have been executed by the Debtors in favor of Farm Credit Services of Mid–America for a note in the original amount of $103,000.00 and General Motors Acceptance Corporation in the amount of $14,769.77. The Debtors presently operate the farm as a cattle farm. The Debtors testified that they had a strong desire to remain on the property because it is in close proximity to Mr. Johnson's father who, because of physical impairments, requires significant assistance, and because Mr. Johnson is required to reside in Lincoln County because of his position with the School Board.

The Debtors' Schedule of Current Income and Expenditures filed with their original Chapter 11 proceeding indicated net income of $4,350.00 monthly and expenses of $1,735.00 (although no amortization of real estate debt was included in the expenses). The Schedule of Current Income and Expenditures filed in the subsequent Chapter 7 proceeding listed $5,052.00 monthly net income and expenses of $5,496.91 which includes the $1,525.00 rental payment to or for Wilson's benefit.

FmHA asserts bad faith of the Debtors in the filing of the Chapter 7 proceeding under these circumstances and that their bankruptcy is intended to discharge primarily only one creditor, that Debtors have the ability to pay a significant part of the debt to be discharged, that Debtors seek to maintain a large amount of property rather than paying unsecured debt and that Debtors have failed to disclose an interest in the property where they reside.

The United States Court of Appeals for the Sixth Circuit has recently considered the question of lack of good faith as "cause" pursuant to 11 U.S.C. § 707(a). *In re Zick*, 931 F.2d 1124 (6th Cir.1991). The Court there held that lack of good faith constitutes cause for dismissal pursuant to that section. This decision directs the Bankruptcy Court to examine each case and set forth in its opinion the factors relied upon by the Court in its finding.

This Court finds that the Debtors in this matter enjoy a substantial annual income, presently approximately $79,000.00 gross income with which they could, if they so desired, pay a portion of the unsecured debt involved here. Although these Debtors have more than one creditor, it appears clear from the record that by far the largest creditor is the unsecured claim of FmHA in this proceeding. It is also clear to this Court that the present Chapter 7 proceeding was filed in response to the Complaint filed in the United States District Court by FmHA to collect on their note.

The Court also finds that the Debtors in this case have, through the device of conveying the property to a relative, placed themselves in a position to remain on the property and enjoy the benefits of ownership (with the exception of some tax consequences) while unloading the burden of the indebtedness to FmHA through discharge. This Court will not naively assume that either Wilson or the Debtors had any substantial motivation for the transfer of the property to Wilson other than to preserve the Debtors in their lifestyle on the premises. The failure of the Debtors to disclose, in the prior Chapter 11 proceeding, the close blood relationship of the buyer to the Debtors is contrary to the obligation of Debtors to deal honorably and undeceptively with their creditors. *In re Krohn*, 886 F.2d 123 (6th Cir.1989).

The Court concludes therefor that it is unfair for Debtors to use Chapter 7 under the facts of this case to discharge the indebtedness of FmHA while retaining essentially the same lifestyle and use and control of the farm property.

For the reasons set forth above, this Court will, by separate Order, sustain the Motion of FmHA to dismiss this proceeding for the reason that the Debtors lack good faith in the filing of this proceeding.