336

In re Belinda CAUSEY.

Bankruptcy No. 97–60346 S.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 23, 1997.

Frederick Wetzel, Little Rock, AR, for Plaintiff.

Jack Dickerson, Hot Springs, AR, for Defendant.

### ORDER DENYING MOTION TO DISMISS CASE

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Trustee's Motion to Dismiss, filed on May 5, 1997. The Trustee seeks dismissal of this case for cause, pursuant to Bankruptcy Code section 707(a). Hearing on the motion was called on July 10, 1997, at which time the parties submitted a Joint Stipulation of Fact. Neither party offered any testimony or docu-

mentary evidence. The Court has before it only the stipulations of the parties. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

The parties stipulate that on July 26, 1996, approximately one year ago, the debtor filed a Chapter 7 case which she converted to Chapter 13 in December 1996. During that time, the clerk thrice established a time for the First Meeting of Creditors, 11 U.S.C. § 341(a)(1), but the debtor failed in each instance to appear at the meeting. A fourth meeting was set during the Chapter 13 case, but the debtor voluntarily dismissed the case prior to that meeting. While she did file a Chapter 13 plan, the debtor failed to do so within the time constraints of the Rule 3015(b), Federal Rules of Bankruptcy Procedure. The debtor voluntarily dismissed the case on April 18, 1997, but, within a few weeks, on May 23, 1997, filed the instant Chapter 7 proceeding. The debtor attended the section 341(a)(1) meeting as first scheduled in this second case.

■ The Trustee seeks dismissal of this case, pursuant to 11 U.S.C. § 707(a), on the basis that the petition was not filed in good faith as evidenced by the facts that the debtor previously filed a bankruptcy case during which she failed to appear at three separate section 341(a) meetings, after conversion of her case untimely filed her chapter 13 plan, voluntarily dismissed the case, and, after only a one-month period of time, filed a Chapter 7 case. Section 707 of the Bankruptcy Code provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under Chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days of such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). The "cause" factors listed under section 707(a) are non-exclusive as indicated by the language "including" in the statute. *In re Zick,* 931 F.2d 1124 (6th Cir. 1991); *In re Griffieth,* 209 B.R. 823 (Bankr. N.D.N.Y.1996). This Court, and, indeed, the majority of courts, have ruled that lack of good faith in filing the Chapter 7 petition constitutes cause under section 707(a). *See In re Cappuccetti,* 172 B.R. 37 (Bankr. E.D.Ark.1994); *Zick,* 931 F.2d at 1126–27; *In re Barnes,* 158 B.R. 105 (Bankr. W.D.Tenn.1993). There are numerous factors which the courts utilize to determine whether a Chapter 7 case was filed in bad faith, including whether:

the debtor reduced the creditors to a single creditor in the months prior to filing the petition

the debtor made no life-style adjustments or continued living an expansive or lavish life-style

the debtor filed the case in response to a judgment pending litigation, or collection action; there is an intent to avoid a large, single debt

the debtor made no effort to repay debts

the use of Chapter 7 is unfair

the debtor has sufficient resources to pay debts

the debtor is paying debts of insiders

the schedules inflate expenses to disguise financial well-being

the debtor transferred assets

the debtor is overutilizing the protections of the Code to the unconscionable detriment of creditors

the debtor employed a deliberate and persistent pattern of evading a single major creditor

the debtor failed to make candid and full disclosure

the debtor's debts are modest in relation to assets and income

there are multiple bankruptcy filings or other procedural "gymnastics."

*See generally Zick,* 931 F.2d 1124; *Barnes,* 158 B.R. 105; *Hammonds,* 139 B.R. 535 (Bankr.D.Colo.1992). It must also be noted that the fact that the debtor has filed previous cases does not alone permit a finding a bad faith *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

In the instant case, the Court has before it only the facts that the debtor previously filed a chapter 7 case, subsequently converted the case to chapter 13, and failed to attend numerous section 341(a) meetings as scheduled in the first case. Of course, the fact that this case was filed closely upon the voluntary dismissal of the first case may also be indicative of bad faith. However, there is no evidence of any of the other factors, described above. Indeed, the trustee has not even provided a copy of the debtor's schedules as evidence. Unlike the situation in Chapter 13, where the Court file is before the Court under its independent obligation to determine good faith, the schedules are not here before the Court. Thus, the Court does not know whether the debtor filed this case seeking to thwart a particular creditor, whether the debtor lives a luxurious lifestyle inconsistent with Chapter 7 relief, or even the nature and amount of her debts. The only information is that, in a prior case, the debtor was lax in her duties imposed by the Bankruptcy Code and Rules. However, the evidence is that the debtor has timely complied with her duties in this case.

The stipulation of the parties is insufficient for the Court to determine as a matter of law that this case was filed in bad faith such that the Court cannot determine whether there is good cause for dismissal under section 707(a). In light of the insufficiency of the evidence, it is

**ORDERED** that the Trustee's Motion to Dismiss, filed on May 5, 1997, is DENIED, without prejudice.

**IT IS SO ORDERED.**