## In re Steven Jay LICHTENSTEIN, Debtor.

### No. 04–30172.

United States Bankruptcy Court,
W.D. Kentucky.

July 26, 2005.

David M. Cantor, Louisville, KY, for debtor.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter came before the Court on the Motion to Dismiss of Creditor Roberta Barbanel ("Barbanel") against Debtor Steven Jay Lichtenstein ("Lichtenstein" or "Debtor"). Barbanel's Motion to Dismiss was filed in this action on July 13, 2004. By Order entered December 16, 2004, the companion adversary proceeding, Barbanel v. Lichtenstein, AP No. 04–03296, and the Motion to Dismiss were consolidated for trial. The trial was held on March 21, 2005 and the Court entered its Memorandum–Opinion and Order denying Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(3), (a)(4), and/or (a)(5) on June 30, 2005. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr.P. 7052 on Barbanel's Motion to Dismiss.

## FINDINGS OF FACT

The Court incorporates its Findings of Fact from its Memorandum–Opinion entered June 30, 2005, as if set forth verba-

tim herein. A copy of the Memorandum–Opinion was filed in this case. See, docket entry no. 129.

### CONCLUSIONS OF LAW

■ Barbanel seeks dismissal of this case pursuant to 11 U.S.C. § 707(a) contending that cause exists to dismiss this case because it was not filed in good faith. The statute provides, in pertinent part:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within 15 days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The word "including" within the statute is not meant to be a limiting word. *In re Zick*, 931 F.2d 1124, 1126 (6th Cir.1991). A lack of good faith is a valid cause for dismissal. *Id.* The Court determines that this case was not filed in good faith and that cause exists for its dismissal.

■ Factors courts consider in deciding whether a § 707(a) dismissal for lack of good faith is warranted include;

1. The debtor reduced his creditors to a single creditor in the months prior to filing the petition.

2. The debtor failed to make lifestyle adjustments or continued living an expensive or lavish lifestyle.

3. The debtor filed the case in response to a judgment, pending litigation, or collection action; there is an intent to avoid a large single debt.

4. The debtor made no effort to repay his debts.

5. The unfairness of the use of chapter 7.

6. The debtor has sufficient resources to pay his debts.

7. The debtor is paying debts to insiders.

8. The schedules inflate expenses to disguise financial well being.

9. The debtor transferred assets.

10. The debtor is over-utilizing the protection of the Code to the unconscionable detriment of creditors.

11. The debtor employed a deliberate and persistent pattern of evading a single major creditor.

12. The debtor failed to make candid and full disclosure.

13. The debts are modest in relation to assets and income.

14. There are multiple bankruptcy filings or other procedural "gymnastics."

*In re Spagnolia*, 199 B.R. 362, 364 (Bankr. W.D.Ky.1995). The presence of one of these factors is not sufficient for a Section 707(a) dismissal; however, where a combination of the factors is present, courts have held that dismissal is warranted. *Id.* (citing *In re Zick*, 931 F.2d at 1124).

In applying the above factors to this case, the Court finds that factors 2, 3, 5, 7, 10, 11, 12 and 14 are present. The most significant factor is the Court's determination regarding factor no. 3. Debtor defiantly admitted at trial that his sole purpose in filing this bankruptcy is to avoid the debt he owes to Barbanel and that he would not have filed the case but for Barbanel's collection efforts. Debtor also engaged in numerous maneuvers, including filing a previous Chapter 7 in which he entered into an Agreed Order and Stipulation of Nondischargeability regarding the Barbanel Judgment. He then commenced an

adversary proceeding seeking to avoid the Stipulation of Nondischargeability. This Court's Order finding the Stipulation effective is now on appeal.

Clearly, Debtor failed to make any lifestyle adjustments as a result of the Barbanel debt. Debtor and his current wife continue to travel extensively, purchased a Corvette [1] as an investment, and Debtor continued to engage in expensive ·hobbies for himself and his grown children. He also continued to pay the living and educational expenses of his adult emancipated children.

Debtor also failed to make candid and full disclosures on his Schedules. He inaccurately stated his income from sources other than the P.S.C. on the Statement of Affairs. Debtor also continued to shred his financial records even after litigation concerning his finances was commenced. This resulted in untraceable purchases of nearly $75,000 on his and his wife's credit cards. Debtor's actions clearly followed a deliberate pattern of hiding and/or transferring his assets all in an effort to evade his single major creditor, Barbanel. Debtor and his current wife candidly acknowledged that they purposely set up bank accounts to which Debtor had access, but from which creditors could not garnish funds. These factors lead the Court to conclude that this case must be dismissed based on a lack of good faith.

The Sixth Circuit cautioned that dismissal based on a lack of good faith "... should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Zick*, 931 F.2d at 1128. The findings as set forth by this Court in the Memorandum–Opinion and Order denying Debtor a discharge meet this criteria. Debtor has systematically avoided paying Barbanel's collection efforts. His actions constitute a lack of good faith and cause exists to dismiss case.

### CONCLUSION

For all of the above reasons, the Court **GRANTS** the Motion to Dismiss of Creditor Roberta Barbanel. An Order accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Creditor Roberta Barbanel be, and hereby is, **GRANTED** This case is dismissed with prejudice.

This is a final and appealable Order and there is no just reason for delay.

---

1. After a year of payments on the Corvette, the vehicle was returned to the dealer.