Carole OWENS, Appellant,

v.

Robert O. OWENS, Appellee,

Albert Togut, Trustee.

No. 05–1513–BK.

United States Court of Appeals,
Second Circuit.

Nov. 23, 2005.

Michael Chaisanguanthum, Sara C. Temes (Martin J. Bienenstock, on the brief), Weil, Gotshal & Manges LLP, New York, New York, for Appellant.

Walter Benzija (David M. Green, on the brief), Stevens & Lee, P.C., New York, New York, for Appellees.

PRESENT: WINTER, STRAUB, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant Carole Owens appeals from the affirmance of an August 28, 2002 order of the bankruptcy court, holding that she had failed to meet her burden of proving that certain debts owed to her by her former husband, Robert Owens, were non-dischargeable in bankruptcy. In conducting a plenary review of the district court's ruling, *see Dairy Mart Convenience Stores, Inc. v. Nickel (In re Dairy Mart Convenience Stores, Inc.)*, 411 F.3d 367, 371 (2d Cir.2005), we accept the bankruptcy court's findings of fact unless they are clearly erroneous and review *de novo* its conclusions of law (or mixed law and fact), *see Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 90 (2d Cir.2000). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Claimed Exceptions to Discharge*

Carole Owens submits that the bankruptcy court erred in failing to recognize that her claims against her former husband, arising out of the couple's January 2, 1987 Separation Agreement, qualified for an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(A), -(a)(4), and -(a)(6). It is the creditor seeking an exception to discharge who bears the burden of proving facts coming within one of the § 523 exceptions. *See Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82, 90 (2d Cir.2000); *Bethpage Fed. Credit Union v. Furio (In re Furio)*, 77 F.3d 622, 624 (2d Cir.1996). After a lengthy trial, the bankruptcy judge concluded that Ms. Owens failed to carry this burden. We agree.

#### a. *Exception for False Representations*

Section 523(a)(2)(A) permits a creditor to obtain an exception to discharge if a debt was obtained by false representations. Carole Owens claims that her former husband falsely represented in their January 2, 1987 Separation Agreement that there were "no outstanding debts or liabilities contracted by him" in her name and that he would not "incur or contract any [future] debt or liability" for which Ms. Owens "may become liable." In fact, a few months earlier, on October 24, 1986, he had signed her name to a $150,000 second mortgage on Ms. Owens's Dwight Place property. On December 8, 1986, he had signed her name to a $60,000 second mortgage *application* for Ms. Owens's Prospect Hill property. The bankruptcy court nevertheless concluded that no § 523(a)(2)(A) exception applied because Carole Owens failed credibly to demonstrate actual and justifiable reliance on the

quoted language from the Separation Agreement. *See Field v. Mans*, 516 U.S. 59, 70, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

■ The record supports the bankruptcy judge's conclusion that Ms. Owens could not have actually relied on the quoted representation that Mr. Owens had incurred no past debt in her name because on July 1, 1986, she had signed an earlier Separation Agreement referencing a refinancing of the Dwight Place property pursuant to which she was to receive at least $50,000. Thus, even if Mr. Owens deceived his wife about the particulars of that refinancing, she cannot claim that she entered into the January 2, 1987 Separation Agreement actually relying on a representation that her husband had incurred no past liability in her name. Nor can Ms. Owens claim that Mr. Owens pledged the Prospect Hill property as collateral for a second mortgage because it was Ms. Owens, not her former husband, who ultimately signed the papers drawing down the line of credit secured by this property.

■ Moreover, even if Ms. Owens were justified, in January 1987, in relying on the warranties in the Separation Agreement, she could not have justifiably relied on those warranties when she signed the Amended Separation Agreement in December 1987. She signed that amended agreement some months *after* her lawyer had received a schedule of assets and liabilities that reported the new second mortgages on Dwight Place and Prospect Hill. *See Field v. Mans*, 516 U.S. at 71–72, 116 S.Ct. 437 (holding that reliance on representation is not justified if a contrary fact would be apparent from a "cursory glance" at materials in one's possession).

  b.  *Other Exceptions*

■ Carole Owens also claims that she is entitled to an exception under § 523(a)(4), which allows for an exception to discharge when the debtor has committed fraud while acting in a fiduciary capacity. To the extent this claim is based on Mr. Owens's duties as treasurer of a company in which Carole Owens was the sole shareholder, it is barred by principles of *res judicata*. *See Owens v. Owens (In re Owens)*, No. 03 Civ. 3408, 2005 U.S. Dist. LEXIS 2300 at *10 (S.D.N.Y. Feb.17, 2005). The record evidence is otherwise insufficient to indicate that Carole Owens and her former husband ever entered into any other fiduciary relationship recognized by New Jersey law.

Ms. Owens further submits that the "larceny" exception recognized in § 523(a)(4) applies to this case. Given the bankruptcy court's expressed reservations about Ms. Owens's credibility at trial, we cannot conclude that it erred in ruling that she failed convincingly to demonstrate that her former husband's withdrawal of money from the couple's joint account was larcenous. *See generally DeBerry v. Portuondo*, 403 F.3d 57, 68 (2d Cir.2005) (noting deference due trial court's credibility findings).

Similarly, on the record adduced, we cannot conclude that the bankruptcy court erred as a matter of law in finding that Carole Owens had failed to prove that her former husband had acted with actual intent to cause her injury so as to trigger an exception to discharge under § 523(a)(6). *See Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

In sum, we conclude that the district court properly affirmed the denial of Carole Owens's application for an exception to discharge pursuant to § 523.

2.  *"For Cause" Dismissal of the Bankruptcy Petition*

■ Carole Owens also submits that the district court should have dismissed her

husband's Chapter 7 petition "for cause," 11 U.S.C. § 707(a), because his filing was part of a bad faith scheme to render her destitute. While there may be reasons to be troubled by aspects of Mr. Owens's conduct in this case, the evidence of a purported "scheme" to render his wife destitute is tenuous and unconvincing, even on review of a cold record. Thus, we cannot conclude that the bankruptcy court erred, as a matter of law, in declining to draw the inference of abuse urged by Ms. Owens, particularly in light of contrary evidence indicating a history of Mr. Owens meeting his obligations to his former wife. *See Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 442 (B.A.P.2d Cir.1997) (noting need for "case by case" review to determine if "an abuse constituting cause has occurred" (quoting *Fisher v. Bank Leumi Trust Co. of New York (In re MacFarlane Webster Assocs.)*, 121 B.R. 694, 697 (Bankr. S.D.N.Y.1990)); *see also Indus. Insurs. Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir.1991) (recognizing stringent standard for finding bad faith under § 707(a)); S.Rep. No. 95–985, at 94 (1978) (suggesting that Congress did not contemplate the ability to repay debts as adequate cause for dismissal).

Because we find no error in the bankruptcy court's findings of fact or conclusions of law, the district court's judgment of affirmance is hereby AFFIRMED.