**In re: KANE & KANE, a partnership, Debtor.**

**In re: Charles J. Kane, Debtor.**

**In re: Harley N. Kane, Debtor.**

**No. 09–15556–EPK, 09–15557–EPK, 09–15558–EPK.**

United States Bankruptcy Court, S.D. Florida. West Palm Beach Division.

June 2, 2009.

Kane & Kane, a Partnership, Boca Raton.

Charles J. Kane, Delray Beach.

Harley N. Kane, Delray Beach.

Deborah Menotte, West Palm Beach.

## ORDER DENYING MOTION TO DISMISS CASE OR, IN THE ALTERNATIVE, FOR STAY RELIEF

ERIK P. KIMBALL, Bankruptcy Judge.

**THIS MATTER** came before the court for hearing on May 12, 2009 upon the *Motion to Dismiss Case or, in the Alternative, for Stay Relief* (the "Motion to Dismiss")[1] filed by Stewart Tilghman Fox

& Bianchi, P.A., William C...Hearon, P.A., and Todd S. Stewart, P.A. (collectively, the "Judgment Creditors"). The court considered the Motion to Dismiss, the *Debtor's Memorandum in Opposition to Judgment Creditors' Motion to Dismiss Case or, in the Alternative, for Stay Relief on the Issue of Whether There is a Bad Faith Standard in a Chapter 7 Bankruptcy*, the *Memorandum of Law in Support of Motion to Dismiss* filed by the Judgment Creditors, the *Judgment Creditors' Memorandum and Evidentiary Proffer in Support of Motion to Dismiss Case*, the presentations of counsel, and the transcript of the court's oral ruling on March 20, 2009 dismissing the prior Chapter 11 cases of Kane & Kane, a partnership, Charles J. Kane, and Harley N. Kane (together, the "Debtors") [DE 125, 08–27452–EPK]. The court is fully advised in the premises. This order constitutes the court's findings of fact and conclusions of law consistent with Rule 7052, Fed. R. Bankr.P.

### JURISDICTION

The court has jurisdiction over the Motion to Dismiss under 28 U.S.C. § 1334(b). The court has the power to enter this Order pursuant to 28 U.S.C. § 157 and the standing order of reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### PROCEDURAL BACKGROUND

On November 17, 2008, Kane & Kane, a partnership, filed a Chapter 11 petition with this court. Kane & Kane, a partnership, is a Florida general partnership that conducted business as a law firm. Its only two partners, Harley N. Kane and Charles

---

1. This Order is entered in each of the three captioned Chapter 7 cases. References to documents filed in these cases and to orders of this court refer to documents filed and orders entered in each of the three cases unless otherwise stated.

J. Kane, filed Chapter 11 petitions with this court that same day. On November 18, 2008, this court entered an order providing for the joint administration of the three Chapter 11 cases under case number 08–27452–EPK. [DE 7, 08–27452–EPK]

On December 18, 2008, in the Debtors' Chapter 11 cases, the Judgment Creditors filed a *Motion to Dismiss Cases for Bad Faith, or in the Alternative, for Abstention or Relief from the Automatic Stay, or, in the Alternative, for Appointment of Chapter 11 Trustee* (the "Chapter 11 Motion to Dismiss") [DE 35, 08–27452–EPK]. The court held a preliminary hearing on the Chapter 11 Motion to Dismiss on January 22, 2009 and a final, evidentiary hearing on March 16, 2009. At the March 16, 2009 hearing, the Judgment Creditors withdrew their alternative request for the court to abstain from hearing the Chapter 11 cases under Section 305(a).[2] The court scheduled a continued hearing for March 20, 2009 for the sole purpose of delivering its oral ruling on the remaining relief requested in the Chapter 11 Motion to Dismiss.

On March 20, 2009, this court found the Debtors filed their Chapter 11 cases in bad faith, dismissed the Debtors' Chapter 11 cases, and denied as moot the remaining requests for relief in the Chapter 11 Motion to Dismiss. The transcript of the court's oral ruling on March 20, 2009 is filed in the Debtors' jointly administered Chapter 11 cases. [DE 125, 08–27452–EPK] The court entered a written order memorializing the ruling that same day. [DE 106, 08–27452–EPK] Consistent with the court's oral ruling, the written order provided that dismissal of the Debtors'

Chapter 11 cases would be effective on March 30, 2009.

On March 30, 2009, each of the Debtors filed a Chapter 7 petition with this court. On April 2, 2009, the Judgment Creditors filed the Motion to Dismiss.

The court held a preliminary hearing on the Motion to Dismiss on April 16, 2009. At that hearing, the parties agreed to bifurcate the Motion to Dismiss and this court subsequently entered its *Agreed Order Setting Preliminary Hearing and Evidentiary Hearing, and Establishing Prehearing Procedures, on Judgment Creditors' Motion to Dismiss Case* (the "Scheduling Order"). The Scheduling Order set a non-evidentiary hearing on May 12, 2009 to address the threshold issue of whether bad faith may constitute cause for dismissal under Section 707(a). At the conclusion of the May 12, 2009 hearing, the court requested the Judgment Creditors to submit an evidentiary proffer in support of their position.

Pursuant to the court's request, on May 19, 2009 the Judgment Creditors filed their *Judgment Creditors' Memorandum and Evidentiary Proffer in Support of Motion to Dismiss Case.* The Judgment Creditors ask this court to dismiss the present Chapter 7 cases based on the evidence presented in support of the Chapter 11 Motion to Dismiss.

## DISCUSSION

■ The initial question presented to the court is whether the bad faith of a debtor in filing a Chapter 7 petition may constitute cause for dismissal of the case under Section 707(a).[3] There is substan-

---

**2.** References to "Section" or "Sections" refer to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

**3.** 11 U.S.C. § 707(a) provides: "The court may dismiss a case under this chapter only

after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within

tial case law on both sides of this question. A majority of courts considering the issue has determined that a debtor's bad faith may present cause within the meaning of Section 707(a). *See In re Tallman*, 397 B.R. 451, 454 (Bankr.N.D.Ind.2008) (cataloging published decisions to date). This court sides with the majority and rules that a debtor's lack of good faith in commencing a Chapter 7 case may constitute cause for dismissal under Section 707(a). Specifically, this court adopts the reasoned analysis of the court in *Tallman* on the application of the bad faith filing doctrine in the Chapter 7 context. *In re Tallman*, 397 B.R. 451.

■ To say that the lack of good faith of a debtor may be cause for dismissal of a Chapter 7 case, alone, provides no guidance on what the court should consider to determine whether a debtor has in fact acted in bad faith. The court is charged to consider the totality of the circumstances. *Perlin v. Hitachi Capital Am. Corp. (In re Perlin)*, 497 F.3d 364, 372 (3d Cir.2007) ("An assessment of a debtor's good faith requires consideration of all of the facts and circumstances surrounding the debtor's filing for bankruptcy.") This far reaching mission suggests a largely subjective analysis. Even so, the decision as to whether a debtor acted in bad faith is one entrusted to the court's discretion and may only be overturned for an abuse of that discretion. *In re Zick*, 931 F.2d 1124, 1126 (6th Cir.1991) (citing *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988)). For this reason, the court should step cautiously when asked to exercise the power to deny a debtor access to its jurisdiction. *See In re Zick*, 931 F.2d at 1129 (dismissal of Chapter 7 for lack of good faith limited to egregious cases).

In an effort to focus the bad faith analysis, reported decisions point to various factors that tend to support or negate a debtor's alleged bad faith. These factors are helpful only to a point. *In re Tallman*, 397 B.R. at 454. The circumstances of each debtor are unique, and the proper weight given to each fact necessarily depends on all of the other facts presented. A list of factors provides only the appearance of a reliable test. It implies a scientific or mathematical certainty in the analysis, which it most certainly lacks.

■ Many of the factors relied on by the courts in determining whether a debtor acted in bad faith in filing a petition find their genesis in decisions considering dismissal in the context of Chapter 11 and Chapter 13 cases. These factors have less and perhaps no weight in the Chapter 7 context. A Chapter 7 debtor's powers and duties under the Bankruptcy Code, its relationship with its creditors, and the overall nature of a Chapter 7 liquidation case, materially differ from a Chapter 11 or Chapter 13 case.

In Chapters 11, 12 and 13, the debtor is allowed to remain in possession of its assets, and in control of its business, while it has the opportunity to formulate and confirm a proposed plan. Particularly in Chapter 11, this may take a substantial amount of time. So, to offer a very simple example, a debtor who files Chapter 11 solely to take advantage of the automatic stay, without the intent, desire or the ability to propose a plan, might be able to remain under the protection of the bankruptcy court for some time unless there is a way, such as the bad faith inquiry, to quickly test the propriety of the debtor's motivation and

fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information re-

quired by paragraph (1) of section 521, but only on a motion by the United States trustee."

goals. In Chapter 7, however, the debtor surrenders possession and control of its property to a trustee, whose control over it and whose prosecutorial powers are much greater than those of a Chapter 12 or 13 trustee; there is also a broader array of weapons immediately available by which creditors and the trustee can quickly combat misconduct that threatens the integrity of the bankruptcy process, *see e.g.*, 11 U.S.C. §§ 523, 547, 548, 727, and proceedings usually move much more quickly; so there is less danger that a Chapter 7 debtor's abusive plans will long succeed. *In re Tallman*, 397 B.R. at 456–57. In light of the substantial differences between Chapter 7, on the one hand, and Chapters 11, 12, and 13, on the other, facts that indicate bad faith in a Chapter 11, 12, or 13 case do not necessarily support a finding of bad faith in a Chapter 7 case of the same debtor.

■■ In a Chapter 7 case, such as the cases before this court, the potential bases for dismissal on grounds of bad faith are narrow. "The ultimate question [is] whether the petition was filed with the intent and desire to obtain the relief that is available under a particular chapter of the Bankruptcy Code, through the means that Congress has specified, or whether the debtor is pursuing some other goal." *Id.* at 456. In Chapter 7, a case should be dismissed on account of bad faith only where the debtor has taken advantage of the court's jurisdiction in a manner abhorrent to the purposes of Chapter 7.

In the case at hand, the Judgment Creditors rely on the evidence presented in connection with the Chapter 11 Motion to Dismiss. They argue that the evidence previously presented is sufficient to meet the standard outlined by this court for dismissal under Section 707(a). In the *Judgment Creditors' Memorandum and Evidentiary Proffer in Support of Motion to Dismiss Case*, they focus on three sets of facts that they posit support a finding of cause under Section 707(a). These are addressed in turn.

■ The Judgment Creditors' claims against the Debtors are based on a $2 million judgment entered by a Florida state court. The Debtors were co-counsel with the Judgment Creditors and other law firms, representing plaintiffs in a multi-million dollar civil action. In its judgment, the state court found that the Debtors acted in concert with other co-counsel to conceal from the Judgment Creditors a settlement of the action they were prosecuting together. The state court found that the Debtors and their co-defendants acted to maximize their own legal fees and to limit the legal fees payable to the Judgment Creditors. The state court found that, in doing so, the Debtors and their co-defendants ignored multiple conflicts of interest, misrepresented the terms of the settlement to the Judgment Creditors, misrepresented the terms of the settlement to their own clients, manipulated the allocation of the settlement to increase their own recovery and discharged the Judgment Creditors as co-counsel for no reason. The state court noted multiple possible violations of the Florida Rules of Professional Conduct and stated that it had referred the matter to The Florida Bar for potential disciplinary action. In its oral ruling on the Chapter 11 Motion to Dismiss, this court stated that "the state court findings leave little doubt that the evidence presented at trial was, to put it plainly, damning with regard to the actions of the Debtors."

■ The basis for the Judgment Creditors' claims has little or no bearing on whether these cases should be dismissed under Section 707(a). In the Bankruptcy Code, Congress established a care-

ful balance between the rights of creditors and the fresh start afforded to the debtor. Various provisions of the Bankruptcy Code are designed to protect creditors. For example, Section 523 excepts certain claims from discharge, and a debtor's actions may result in denial of discharge under Section 727.[4] A creditor with a claim benefitted under a provision of the Bankruptcy Code should seek relief under that provision. "[W]hen analyzing whether a Chapter 7 debtor is guilty of bad faith constituting cause for dismissal under § 707(a), the court should not consider conduct that is redressed by other portions of the Bankruptcy Code." *In re Tallman,* 397 B.R. at 460. On the other hand, so long as a Chapter 7 debtor complies with the requirements of the Bankruptcy Code, it obtains a discharge of most claims. A creditor whose claim is subject to discharge cannot seek dismissal of a Chapter 7 case solely because its claim is born of a debtor's unseemly activity. The Judgment Creditors may or may not seek relief in these cases under other provisions of the Bankruptcy Code. Either way, the nature of the Judgment Creditors' claims does not constitute cause for dismissal of these Chapter 7 cases.

█ Next, the Judgment Creditors highlight the Debtors' expenditure of substantial sums during the period from the inception of the Judgment Creditors' state court suit against the Debtors through the filing of the Debtors' Chapter 11 petitions. In the Judgment Creditors' words—"Not one penny has been paid to, or reserved for, the Judgment Creditors." In its oral ruling on the Chapter 11 Motion to Dismiss, this court noted that in the years after the Debtors entered into the settlement that resulted in the Judgment Creditors' claims the individual Debtors received millions of dollars each in gross income. During the years in question, the Debtors continued to spend freely.

In ruling on the Chapter 11 Motion to Dismiss this court gave little weight to the Debtors' lifestyle or use of assets, in themselves, as factors supporting the court's finding of bad faith. The Debtors sought Chapter 11 relief because they lacked sufficient funds to post a supersedeas bond in connection with their appeal of the Judgment Creditors' $2 million state court judgment. This court ruled that the inability to post an appeal bond may be good reason to file a Chapter 11 petition, for example, when a debtor is fending off an unforeseen judgment. These Debtors, however, had good reason to believe the Judgment Creditors would be successful and nevertheless spent funds they could have used to post the supersedeas bond. The Debtors' use of this court's jurisdiction in place of the bond, in the context of their Chapter 11 cases, was the primary basis for this court's dismissal of those cases on grounds of bad faith.

The Debtors did not have sufficient funds to meet their obligations. This is an obvious reason to file their Chapter 7 petitions. Again, if the Debtors' actions give rise to relief under another provision of the Bankruptcy Code, so be it. The source of the Debtors' financial woes is not

---

4. Kane & Kane, a partnership, is not an individual. Thus, it cannot claim exemptions under Section 522(b)(1) and it is not entitled to a discharge under Section 727(a)(1). Kane & Kane, a partnership, is a Florida general partnership. Under Florida law its general partners, Charles J. Kane and Harley N. Kane, are jointly and severally liable for most obligations of the partnership. Fla. Stat. § 620.8306. The Judgment Creditors have judgments against all three Debtors. The partnership has limited assets compared to the scheduled assets of Messrs. Kane. The impact of these Chapter 7 cases falls primarily on the individual debtors.

cause for dismissal of these cases under Section 707(a).

█ Lastly, the Judgment Creditors state that these Chapter 7 cases were filed to thwart the Judgment Creditors' collection efforts. This is not surprising, nor is it indicative of bad faith in filing the Debtors' Chapter 7 cases.

> [C]reditors complaining about a debtor's bad faith are able to argue that the debtor filed bankruptcy in response to just about any action they might take, whether it is filing suit, a motion for summary judgment, setting a matter for trial, following trial or judgment or following proceedings to enforce a judgment. Thus, whenever a debtor files it can stand condemned in creditors' eyes. The only way to avoid such criticism would be to file bankruptcy when creditors are not taking any action to collect their debts, and that hardly seems particularly useful.

In re Tallman, 397 B.R. at 458 n. 5.

It is one thing to deny the Debtors access to the jurisdiction of this court to pursue a potentially protracted reorganization case while the Debtors prosecute an appeal against the Judgment Creditors without an appeal bond. It is quite another matter to deny the Debtors access to this court under Chapter 7 where, by definition, they have effectively tendered to their creditors all of their non-exempt assets. A Chapter 7 petition is, to a great extent, equivalent to throwing oneself on the mercy of the Bankruptcy Court. The debtor is surrendering to his or her creditors. The estate is then collected and distributed to all creditors in a fair and equitable manner, consistent with the Bankruptcy Code. To dismiss these Chapter 7 cases would only serve to favor some creditors over others.

█ For all of the foregoing reasons, the court finds the facts brought forward by the Judgment Creditors do not constitute cause for dismissal of these Chapter 7 cases under Section 707(a). For the same reasons, the court finds there is not cause for relief from the automatic stay under Section 362(d).

Accordingly, it is

**ORDERED AND ADJUDGED** that the *Motion to Dismiss Case or, in the Alternative, for Stay Relief,* filed by Stewart Tilghman Fox & Bianchi, P.A., William C. Hearon, P.A., and Todd S. Stewart, P.A. in each of the three captioned Chapter 7 cases, is **DENIED**.